IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIE JOSEPH WILLIAMS,**

    **Plaintiff,**

vs.                                          Case No. 4:08cv393-MP/WCS

**JAMES R. McDONOUGH,**
**and DR. MONTOYA,**

    **Defendants.**

                            /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. Doc. 19. This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A and is still deficient. Plaintiff had previously been advised that it would be his final opportunity to submit a viable complaint, and which complied with court orders. Doc. 18. No further opportunities should be extended.

Plaintiff has been ordered on several occasions to set forth each factual allegation in a separately numbered paragraph. Docs. 16, 18. Plaintiff still has not complied. The second amended complaint fails to comply with Fed. R. Civ. P. 10(b) and is deficient.

Plaintiff has also failed to state any facts for Defendant McDonough in the second amended complaint.  Plaintiff was directed to omit claims against any Defendant if Plaintiff could not "state exactly how [the] particular Defendant harmed him," but Plaintiff did not comply.  Plaintiff presents no allegations against Defendant McDonough and, thus, the complaint fails to state a claim against Defendant McDonough.

The only factual allegations presented are against Dr. Montoya.  However, those allegations concern medical treatment in 2004.  Plaintiff presents no factual allegations showing any failure by this Defendant after October of 2004, when Plaintiff was transferred back to a Correctional Institution and away from the Medical Reception Center.  Plaintiff's claims against Defendant Montoya are barred by the four-year statute of limitations.

Moreover, Plaintiff has not shown that this Defendant violated Plaintiff's constitutional rights.  Plaintiff complained of delay before receiving treatment, but the treatment was provided from March of 2004 through October of 2004.  When Plaintiff was transferred to Washington Correctional Institution and now at Liberty Correctional Institution, Plaintiff fails to allege any treatment by Defendant Montoya.  Indeed, that Defendant could not be responsible since the Defendant is not located at either of those Correctional Institutions.

Finally, Plaintiff has claimed that since being at Liberty Correctional Institution, he has "declined medical treatment due to" his assertion that the Medical Department wants to "treat [him] under a 'incorrect' name number and incorrect medical file. . . . ." Doc. 19.  Plaintiff states that he refuses treatment and has demanded "outside treatment only."  *Id.*  Plaintiff has no constitutional right to be treated by medical

personnel outside of his Institution.  Moreover, this aspect of the claim goes to the prior allegations Plaintiff attempted to present which challenges his current incarceration. *See* docs. 16-18.  Plaintiff was previously advised that he could "not bring a claim for false imprisonment and seek monetary damages for his time of incarceration, *unless and until* Plaintiff can successfully challenge his incarceration through a petition for writ of habeas corpus."  This allegation fails to state a claim and cannot be presented in this civil rights case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2009.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**